THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ANTWION BROWN,<br><br>　　　　　　Defendant. | CASE NO. CR16-0212-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Antwion Brown's motions for a reduction in sentence (Dkt. Nos. 41, 52) and the Government's motion to seal (Dkt. No. 56). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Mr. Brown's motions for a reduction in sentence (Dkt. Nos. 41, 52) and GRANTS the Government's motion to seal (Dkt. No 56) for the reasons explained herein.

I.  **BACKGROUND**

In December 2016, Mr. Brown pled guilty to three counts of Felon in Possession of a Firearm, one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, and one count of Possession of Heroin with Intent to Distribute. (Dkt. Nos. 24, 25, 28.) Mr. Brown was charged with these offenses after he engaged in a number of firearm and drug transactions with an informant. (Dkt. No. 31 at 3.) During Mr. Brown's initial interactions, he sold the informant small quantities of crack cocaine and heroin. (*Id*.) Mr. Brown later sold the informant

five grams of heroin and a .380 caliber pistol with an altered serial number. (*Id.*) After that, Mr. Brown sold the informant another quarter ounce of heroin and a stolen subcompact 9mm pistol. (*Id.* at 4.) Finally, in August 2016, while on his way to again sell heroin to the informant, Mr. Brown was arrested. (*Id.*) During a search of Mr. Brown's vehicle and residence, law enforcement found 127 grams of heroin, a Springfield .40 caliber pistol, and 13 rounds of ammunition. (*Id.*) The Court sentenced Mr. Brown to 96 months in prison for the charged offenses; his projected release date is June 22, 2023. (Dkt. No. 52 at 2.)

Mr. Brown now moves for a reduction in his sentence under 18 U.S.C. §3582(c)(1). (Dkt. Nos. 41, 52.) Mr. Brown requests that the Court reduce his sentence and release him because he has underlying health conditions that make him more likely to develop severe illness from COVID-19 if he were to be infected while incarcerated. (Dkt. No. 52 at 2.) The Government opposes Mr. Brown's motion. (Dkt. No. 55.)

## II. DISCUSSION

### A. Motion for Reduction in Sentence

The Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and the 18 U.S.C. section 3553(a) factors do not preclude such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[1] The defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). The Ninth Circuit has held that the Sentencing Commission's relevant policy statement, United States Sentencing Guidelines ("USSG") § 1B1.13, is not "applicable" to a motion for a reduction in sentence filed by a defendant directly, rather than by the Bureau of Prisons, and therefore does not constrain the Court's discretion. *United States v. Aruda*, 2021 WL 1307884, slip op. at 5 (9th Cir. 2021).

---

[1] As a threshold matter, a defendant must also satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement by first presenting a request for a reduced sentence to the warden of his or her facility and waiting 30 days (or exhausting administrative remedies before the 30-day waiting period expires) before seeking relief from the court. *See United States v. Taylor*, 2020 WL 7383648 (6th Cir. 2020). Mr. Brown has satisfied this requirement. (*See* Dkt. No. 52 at 1.)

Nevertheless, the Court may consider the policy statement in the exercise of its discretion. *Id*. The policy statement recommends that a court not reduce the sentence of an individual who would present a danger to the community upon release. USSG § 1B1.13(2). The Court finds this to be an appropriate consideration here. *See United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020) (affirming denial of a motion for reduction in sentence because the defendant was a danger to the community).

### 1. Extraordinary and Compelling Reasons

Health conditions that increase an individual's risk of a severe case of COVID-19 may constitute extraordinary and compelling circumstances. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020). Mr. Brown is morbidly obese, which increases his risk of developing a severe case of COVID-19. (Dkt. No. 52 at 2.) Additionally, Mr. Brown claims his asthma and epilepsy increase his risk of developing severe illness from COVID-19. (*Id*. at 3.) However, the CDC has only designated moderate to severe asthma as a condition that *may* increase the likelihood that an individual develops a severe case of COVID-19 and has not determined that epilepsy causes an increased risk. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 28, 2021).

Moreover, additional considerations undermine Mr. Brown's claim that his health conditions constitute extraordinary and compelling circumstances. First, Mr. Brown has already contracted COVID-19 and his medical records show that he was asymptomatic while he had the illness. (Dkt. No. 57 at 43.) Although reinfection is possible, the CDC has found it is rare. Second, another outbreak of the disease is unlikely at FCI Terminal Island. At the time of this order, there are relatively low numbers of COVID-19 cases at this facility. *See* https://www.bop.gov/coronavirus/index.jsp (reporting zero inmates and one staff currently infected) (last visited April 28, 2021). Furthermore, the increased availability of vaccines will continue to reduce the future risk to inmates.

Regardless, in this case, the Court does not need to decide whether Mr. Brown's health conditions qualify as an extraordinary and compelling circumstance because Mr. Brown has failed to demonstrate that his release would not present a danger to the community or that a reduction in his sentence would be consistent with the 18 U.S.C. section 3553(a) factors.

### 2. Danger to the Community

In assessing whether Mr. Brown would present a danger to the community upon release, the Court looks to the nature and circumstances of his underlying offense, the weight of the evidence against him, his history and characteristics, and the danger that his release would pose to any person or the community. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The nature and circumstances of Mr. Brown's offense were very serious, especially considering that he sold two firearms, one of which had the serial number removed and the other which was stolen, and that he expressed a willingness and ability to sell additional guns. (Dkt. No. 35 at 3.) Moreover, there was considerable evidence against Mr. Brown. He was observed selling drugs and firearms to an informant multiple times and, when arrested, he was found to be in possession of a firearm, ammunition, and a large quantity of heroin. (Dkt. No. 31 at 4.)

Additionally, Mr. Brown has an extensive criminal history evidencing his danger to the community. Over the past fifteen years, Mr. Brown has been convicted multiple times of offenses relating to burglary, robbery, assault, and the sale of illegal drugs. (*Id*. at 6–9.) In 2006, he broke into a victim's unoccupied residence and stole $6,000 worth of property. (*Id*. at 6.) A few months later, he was convicted of assault after he stole items and got into a physical altercation with a security guard who attempted to apprehend him. (*Id*.) In 2009, he was charged with assault after he punched a victim multiple times while attempting to steal their backpack on a Metro bus. (*Id*. at 7.) In 2011, he attempted to elude police during a traffic stop by jumping out of his moving vehicle. (*Id*. at 8.) One year later, he was convicted of delivery and possession of cocaine and sentenced to a year in prison. (*Id*.) Mr. Brown has an established pattern of continuing to commit serious offenses despite numerous periods of incarceration. (*Id*. at 6–9.)

Furthermore, Mr. Brown has a long history of performing poorly on supervised release and probation. For example, Mr. Brown violated community supervision on two occasions in 2006. (Dkt. No. 10 at 4.) Additionally, the Department of Corrections reports that Mr. Brown underwent eight violation processes from 2012 to 2014 for failing to report, using controlled substances, and failing to complete substance abuse treatment. (*Id*. at 7.)

Finally, during his current period of incarceration, Mr. Brown has been disciplined twice for fighting and once for possessing an unauthorized item. (Dkt. No. 55 at 3.)

The repeated nature of Mr. Browns offenses and his poor performance on past supervised release indicate that no conditions of release are likely to assure the safety of the community. Accordingly, the Court FINDS Mr. Brown would present a danger to the community upon release.

### 3. *Section 3553 Factors*

The section 3553(a) factors also weigh against release. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, and the need to avoid sentencing disparities. *See* 18 U.S.C. § 3553(a). The Court elected to sentence Mr. Brown to 96 months based on a thoughtful evaluation of his lengthy criminal history and the serious nature of his offenses. (Dkt. 31 at 12.) Allowing Mr. Brown to serve less than five years of this sentence would not reflect the seriousness of the offenses, promote respect for the law, provide adequate punishment, or afford adequate deterrence. Accordingly, the Court FINDS that the section 3553 factors weigh against a reduction in sentence.

The Court, therefore, FINDS that Mr. Brown fails to demonstrate that a reduction in sentence is warranted here. His motions are DENIED.

**B.  Motion to Seal**

The Government moves to seal Mr. Brown's medical records. (Dkt. No. 56.) "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). To

overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The Court need not decide whether Mr. Brown's motion for a reduction in sentence is a dispositive motion because the Court FINDS that Mr. Brown has a compelling interest in maintaining his medical records under seal and that interest outweighs the public's interest in their disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013). Accordingly, the Court GRANTS the motion to seal.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Brown's motions for a reduction in sentence (Dkt. Nos. 41, 52) and GRANTS the Government's motion to seal (Dkt. No. 56). The Court DIRECTS the Clerk to maintain Docket Number 57 under seal.

DATED this 29th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE